# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

JASON WRIGHT,

                Petitioner,

       v.                          Case No. 07-03239-JWL

RENO COUNTY, KANSAS,

                Respondent.

_____

## MEMORANDUM AND ORDER

Petitioner Jason Wright filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.§ 2254, alleging that his due process rights were violated when the state trial court revoked his probation and that his counsel was ineffective at the hearing for misrepresenting that the petitioner had abstained from using drugs (doc. # 1). The ineffective assistance of counsel claim was dismissed by this court for failure to exhaust state remedies, and Mr. Wright elected to go forward with the due process claim in this court (doc. # 18). For the reasons stated herein, the court now denies Mr. Wright's Petition.

## BACKGROUND

Petitioner entered pleas of no contest to several counts in each of three cases against him in the District Court of Reno County, Kansas, most of which were for the sale, distribution, and manufacturing of methamphetamine, and for forgery. On April 7, 2006, the trial court held a sentencing hearing and sentenced him to 156 months

imprisonment with the Kansas Department of Corrections.   Petitioner's counsel represented to the judge that "for the past eighteen months or longer, since Mr. Wright's arrest he has voluntarily and individually abstained from the use of narcotic substance[s]" and offered that if Petitioner was given a drug "test today . . . [it] is going to be negative."

The trial court found substantial and compelling reasons for a downward durational and dispositional departure.  In doing so, the trial judge explained that because of what he had heard regarding the absence of the use of drugs he was "going to give [Petitioner] the benefit of the doubt," explaining that he had to treat Petitioner as an individual.  "Many times people come in here, they say I'm clean, Judge, I'll pass [a drug test]; five minutes and go over there and they're dirty.  But you've got to look at each person individually."   The judge also explained to Petitioner that "if he fouls up today or next week, he is going to the penitentiary."   He also recognized that Petitioner did not have any felonies in his background, which also was a contributing reason for departure. The departure resulted in a term of 36 months probation in the Community Corrections program.

On April 12, 2006, the State filed a Motion for Reconsideration of Grant of Probation with the district court in Reno County.  The basis for the Motion was that Petitioner "tested positive for the use of marijuana at his intake to community corrections," so he had "obtained his assignment to community corrections by deceiving the [c]ourt."  The State relied on a line of Kansas case law that states "[w]hen a defendant is granted probation in reliance upon misrepresentations made to the court by or on behalf of the defendant, the probation may be summarily revoked without evidence that the

terms or conditions of probation have been violated." *State v. Lumley*, 25 Kan. App. 2d 366 (1998).

The trial court held a hearing on the Motion on April 14, 2007, one week after the sentencing hearing. The court considered it as a motion to revoke Petitioner's probation. At the hearing, the State explained that Petitioner "went immediately over [from the sentencing hearing] to Community Corrections and tested positive for the use of marijuana." Petitioner's counsel similarly explained, "Mr. Wright was granted probation one week ago today at about this time in the morning when he went over to Community Corrections immediately and took this specimen result . . . the use of the marijuana which came back positive was obviously prior to him being placed on probation." Petitioner's counsel argued that the grant of probation should be reconsidered as a whole, and his positive drug test should not alone be dispositive. The trial judge responded that Petitioner had represented to him at the sentencing hearing that he "disassociated himself from persons who use illegal narcotic and had remained clean since his last arrest." The judge explained that sometime between Petitioner's last negative test in December 2005 and the week of sentencing "that [Petitioner] had to ingest or use marijuana." The judge decided that he was "going to revoke the probation at this time," explaining that Petitioner lied to him when he granted Petitioner probation; he ordered the original sentence of 156 months imprisonment executed, revoking the probation. *See* Journal Entry of Probation Revocation Hearing ("The court considers motion to be equivalent to a motion to revoke *based on the defendant's dishonesty in order to obtain assignment to community corrections.*" (Emphasis added.)).

The case was appealed to the Kansas Court of Appeals for a summary disposition pursuant to K.S.A. § 21-4721(g) and (h), so the parties did not file any briefs; the appellate court made its decision from the record.  That court filed an unpublished opinion, first stating that "[a]pproximately 1 week after his sentencing, Wright tested positive for the use of marijuana at his intake to community corrections."  *State v. Wright*, 155 P.3d 744, 2007 WL 1110572, at *1 (Kan. App. Apr. 13, 2007).  In making its conclusion, the court explained, "We find no abuse of discretion in this case.  While we will never know whether Wright was under the influence of marijuana at the time of sentencing, it is clear that within 1 week, even before he had began [*sic*] community corrections, he had already violated the conditions of his probation by using marijuana." *Id.* at *2.[1]   The Kansas Supreme Court denied review on June 21, 2007, and on September 14, 2007, Petitioner filed his Petition presently before the court.

## ANALYSIS

I.      **Petitioner's claim fails because he did not raise the issue before the state courts.**

The Court concludes that petitioner did not raise any due process claim in state court as required.  "An applicant for a writ of habeas corpus under § 2254 must show that he has exhausted the remedies available in the courts of the state." *Doshier v. Oklahoma*,

---

[1]   These facts regarding when the drug use and testing occurred appear to be different from how the facts were interpreted at the revocation hearing by the trial court and the parties; it is unclear to this court why the discrepancy arose, as there is nothing in the record to indicate the trial court's interpretation of the facts was incorrect.

67 Fed. Appx. 499, 2003 WL 21101498, *2 (10th Cir. 2003) (citing 28 U.S.C. § 2254(b)(1)(A)); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). As the United States Supreme Court stated in *Duncan*, the state court must be "alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. The petitioner need not invoke "talismanic language" or cite "book and verse" from the Constitution, but the federal claim must have been "fairly presented" to the state courts. *See Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989) (citing *Picard v. Connor*, 404 U.S. 270, 275-76, 278 (1971)). The crucial inquiry is whether the claim "has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Knapp v. Henderson*, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998) (citing *Picard*, 404 U.S. at 278; *Nichols*, 867 F.2d at 1252).

Petitioner never raised a due process challenge before the trial court, as evidenced by the transcript from the probation revocation proceeding. The parties then submitted for summary disposition pursuant to K.S.A. § 21-4721(g), (h), which reads, "[t]he appellate courts may provide by rule for summary disposition of cases arising under this section *when no substantial question is presented by the appeal*. . . . A review under summary disposition shall be made solely upon the record that was before the sentencing court. Written briefs shall not be required unless ordered by the appellate court and the review and decision shall be made in an expedited manner according to rules adopted by the supreme court." (Emphasis added). The due process claim was not raised at the trial court hearing and no substantial question, including a question regarding the alleged due process violation, was presented on appeal. The only mention of "due process" was in a

quotation to a Kansas Court of Appeals case by the State in its Motion for Reconsideration.  Accordingly, the court concludes that Petitioner did not exhaust the remedies in the state court on this claim.  28 U.S.C. § 2254(b)(1).

## II.   Petitioner's claim also fails on the merits.[2]

### A.  Appellate court decision

It is not clear to this court why the appellate court interpreted the facts to say that within one week *after* the probation sentence was handed down, Petitioner violated his conditions of probation by using marijuana.  The facts as agreed upon by the court and parties at the trial level indicated that the use of marijuana happened prior to the sentencing.   In any event, the appellate court affirmed the trial court's decision to revoke probation, a decision this court finds did not violate Petitioner's due process rights, as subsequently discussed.   Because the appellate court reached the correct result in affirming the revocation of Petitioner's probation and because Petitioner is not "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), based on the revocation of his probation, as subsequently discussed, this court finds that any error in the interpretation of the facts and corresponding application of the law by the appellate court is harmless.

### B.  Standard of review

Normally, when a state court adjudicates "on the merits" the federal issue that is before the federal court on habeas review, the state court judgment is entitled to

---

[2] A habeas petition may be denied on the merits, notwithstanding the petitioner's failure to exhaust state court remedies.  28 U.S.C. § 2254(b)(2).

deference.  *See* 28 U.S.C. § 2254(d); *Dockins v. Hines*, 374 F.3d 935 (10th Cir. 2004) ("Under 28 U.S.C. § 2254(d), a petitioner cannot obtain habeas relief unless the state court's legal conclusions are 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are 'based on an unreasonable determination of the facts in light of the evidence presented,' § 2254(d)(2).").  Because the due process claim was not addressed on the merits by the state trial or appellate court (Petitioner did not raise the issue), the state trial and appellate court judgments are not likely entitled to AEDPA deference on this issue.  *Le v. Mullin*, 311 F.3d 1002, 1010-11 (10th Cir. 2002) ("When the state courts have not addressed the merits of a specific constitutional claim . . . there is no adjudication of that claim."); *Romano v. Gibson*, 239 F.3d 1156, 1164 (10th Cir. 2001) (using de novo review where Oklahoma Court of Appeals addressed the merits of the claim on state grounds but failed to apply the U.S. Supreme Court precedent standard, the court reviewed the claim de novo).  It possibly could be disputed that because the trial court made its decision based on the misrepresentation, unlike the appellate court, it addressed and rejected any due process issues inherent in that decision even though not raised by Petitioner.  *See generally, e.g.*, *Andrews v. State*, 11 Kan. App. 2d 322 (Kan. App. 1986) (discussing due process challenge in context of misrepresentation at sentencing).  The Court finds it unnecessary to decide which standard applies, however, because under either a de novo standard or a deferential standard, Petitioner is not entitled to relief.

### C.  Due process claim from original Petition

Petitioner argues in his Petition that his due process rights were violated when the sentencing judge did not make a part of the record whether alternatives to incarceration were considered.  Petitioner is mistaken, however, as "a sentencing court [is not required] to state explicitly why it has rejected alternatives to incarceration." *Black v. Romano*, 471 U.S. 606, 611 (1985) (explaining that a probationer is entitled only to an opportunity to show that he did not violate conditions and that there was a justifiable excuse for the violation or that revocation is not the appropriate disposition).  Accordingly, he is not entitled to relief on this basis.

### D.  Additions to Petitioner's due process claim in his Traverse

Petitioner also claims in his Traverse that his due process rights were violated when his probation was revoked for conduct committed prior to the imposition of that probation sentence.[3]  *See United States v. Twitty*, 44 F.3d 410 (6th Cir. 1995) (defendant was not afforded due process where forgery took place prior to probation sentence being imposed because at the time the conduct occurred there were no conditions of probation so "she did not know that she could receive nine months imprisonment for a probation

---

[3] This court does not have to consider issues not first raised in the petition but later raised in the traverse, but because the claim has no merit, the court will also deny on the merits.  *See, e.g.*, *Vanderlinden v. Koerner*, 2006 WL 1713929 (D. Kan. 2006), citing *Loggins v. Hannigan*, 45 Fed. Appx 846, 849, 2002 WL 1980469 (10th Cir. 2002) ( "We will not consider petitioner's argument that forcing the wife/victim to her car was insufficient to support the kidnapping charge as this issue was first raised in petitioner's traverse to respondents' answer to habeas petition."). Petitioner also claims in his Traverse that he did not receive equal treatment under the law and the revocation should be barred based on the ex post facto clause, both of which are based on the underlying notion that his probation was revoked based on pre-probation conduct; the court finds those claims without merit for the same reasons discussed in the context of his due process claim and also notes that he did not raise those claims in his original Petition.

violation."). He relies on the fact that his drug use for which he tested positive was prior to his sentencing hearing in which the probation sentence was imposed. At the sentencing hearing, Petitioner's counsel represented to the court that Petitioner had not used drugs for an extended period of time prior to and up to the point of that hearing. The trial court judge granted a downward dispositional and durational departure to thirty-six months' probation based primarily on the reasoning that Petitioner had not been involved with drugs for about one and one half years.

Petitioner challenges that a revocation based on pre-probation conduct is a violation of due process rights, and as a general rule, he is correct in that assertion. Contrary to Petitioner's assertion, however, the trial court did not revoke his probation simply because he used drugs, an act prior to the imposition of probation.[4] Instead, the state court trial judge revoked probation because the judge had relied on the misrepresentation that Petitioner had not used drugs in originally granting the probation. Petitioner cites no contrary authority and makes no challenge to the doctrine that the revocation of probation can be based on misrepresentations at sentencing. Even if he did, the court would find that a Petitioner's due process rights are not violated by a probation revocation or reconsideration of the grant of probation when the initial grant of probation was made in reliance upon the affirmative misrepresentations made by counsel on

---

[4] Petitioner does not challenge here, nor did he before the trial court, that he did in fact use drugs prior to the representations by his counsel on his behalf that he had not used those drugs, thereby essentially admitting that counsel's statements were in fact misrepresentations. In the context of his ineffective assistance of counsel claim previously dismissed in this case, Petitioner stated that counsel should not have represented that Petitioner had not used drugs because he never told counsel that he would be able to pass a drug test. (doc. # 1, at 3).

Petitioner's behalf.  *See, e.g.*, *Andrews v. State*, 11 Kan. App. 2d 322, 323 (Kan. App. 1986) (rejecting defendant's due process claim, explaining that the Kansas Supreme Court has adopted a widely accepted rule that "when misrepresentations have been made to the court by or on behalf of a defendant at the time of granting probation which misrepresentations were a basis for granting probation in the first place, the prior misrepresentations may be grounds for revocation" (quotations omitted)); Martin J. McMahon, Revocation of Probation Based on Defendant's Misrepresentation or Concealment of Information from Trial Court, 36 A.L.R. 4th ed. 1182 (citing numerous cases for the proposition that misrepresentation or concealment by a defendant on which the court relies in granting the probation, can be grounds for revoking that probation even though it occurred prior to the court imposing sentence);  *see also generally United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002) (recognizing "the inherent power of a court to set aside its judgment if procured by fraud upon the court"); *United States v. Osborne*, 931 F.2d 1139, 1167 (7th Cir. 1991) ("courts have the inherent power to correct judgments obtained through fraud or intentional misrepresentation") (quoting *United States v. Bishop*, 774 F.2d 771, 773-74 (7th Cir. 1985) (district court vacated its one year old judgment because defendant knew of the misrepresentation at the time the sentence was imposed)).

**IT IS HEREBY ORDERED BY THE COURT** that Petitioner Wright's Petition for Writ of Habeas Corpus (doc. # 1) brought pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2008 in <u>Kansas City, Kansas.</u>

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge
